UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOVEVERY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DESMOND T. ADEMILUYI D/B/A PLAYGENIUS.COM, ADEYINKA O. ODELANA, MAYOWA O. OYEDIRAN, MB AGENCY D/B/A OMYTEQ, AND JANE DOE 1, WHOSE TRUE NAME IS UNKNOWN;<br><br>Defendants. | Case No. 1:23-cv-240-BLW<br><br>**EX PARTE TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**<br><br>**FILED UNDER SEAL** |

Plaintiff, Lovevery, Inc., has filed a Complaint for injunctive and other relief pursuant to the Defend Trade Secrets Act, the Lanham Act, the Patent Act, the Idaho Trade Secrets Act, and, among other causes of action, breach of contract. Lovevery has included with its Complaint an application for a temporary restraining order and a show cause order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. The Court has considered the allegations in Lovevery's "Verified Original Complaint, Application for Ex Parte Temporary Restraining Order and Order to Show Cause, and Motion for Preliminary Injunction," as well as the accompanying materials submitted therewith, and is of the opinion that Lovevery has made a sufficient showing for an ex parte order. Lovevery has shown

a substantial likelihood of success on the merits of its claims against Defendants for trade secret misappropriation, Lanham Act violations, and breach of Employment Agreement provisions governing employee loyalty, non-competition, the handling of confidential information and/or trade secrets. There is good cause to believe that Defendant Ademiluyi has violated the terms of his Employment Agreement and misappropriated Lovevery's trade secrets and confidential information and that the remaining Defendants have cooperated or conspired with him on that front.

Lovevery has made an adequate showing of a threat of irreparable injury, loss, or damage that will result to Lovevery before the Defendants can be heard in opposition if the restraining order is not issued without notice. Specifically, there is good cause to believe that, if alerted in advance, Defendants will take steps to damage or compromise Lovevery's brand name, reputation, and trade secrets through disclosure, use, or other breach of the confidentiality attached to them and will be able to hide or destroy evidence of their wrongdoing, impairing the prosecution of this case.

Lovevery has also made a sufficient showing that the threatened injury to Lovevery outweighs the potential harm to Defendants. Furthermore, the issuance of the requested relief will advance rather than disserve the public interest by

preserving the rights of injured parties to seek the adjudication of their disputes on the merits.

Accordingly, the application is GRANTED, and it is hereby ORDERED:

**Restrictions on Use and Destruction of Property**

Until the expiration of this order or the issuance of a further order by the Court, whichever occurs earlier, Defendants, their officers, agents, servants, employees, and attorneys, and those acting in concert with them, are enjoined from:

1. Transferring, disclosing, selling, licensing, publishing, copying, using, or destroying any confidential technical or business information and/or trade secret information of Lovevery (whether held by playgenius.com or otherwise), including, without limitation, software, apps, program files, product design documents, supplier lists, customer lists, business plans, sales data, and other financial data. **DEFENDANTS MAY NOT COPY OR OTHERWISE TRANSFER ANY LOVEVERY CODE, PLAYGENIUS CODE, OR BLA-BLA APP CODE UNTIL FURTHER ORDER OF THIS COURT.**

2. Destroying, concealing from discovery, or altering in any fashion: (a) any evidence of the use by any Defendants of any confidential technical or business information and/or trade secret information belonging to Lovevery, including, without limitation, for the business and/or product development

purposes of playgenius.com; (b) any products derived through the use of Lovevery confidential information and/or trade secrets. The materials covered by this restriction shall include, but are not limited to, electronically stored information, hard copy documents, emails, text messages, "instant messages," voicemail messages, telephone and fax records, and copies/records relating to any other mode of written or oral communication. **DEFENDANTS MAY NOT DELETE OR HIDE ANY LOVEVERY CODE, PLAYGENIUS CODE, OR BLA-BLA APP CODE UNTIL FURTHER ORDER OF THIS COURT.**

3. Destroying, concealing from discovery, or altering in any fashion any evidence of any efforts by Defendants to invite, solicit, or encourage existing customers of Lovevery products or services to purchase or use products of playgenius.com that compete directly with those of Lovevery. The materials covered by this restriction shall include, but shall not be limited to, electronically stored information, hard copy documents, emails, text messages, "instant messages," voicemail messages, telephone and fax records, and copies/records relating to any other mode of written or oral communication.

4. Accessing, distributing, transferring, or otherwise relocating playgenius.com related code, computer files, computer programs, software, and/or repositories to any other electronic device.

In addition, until the expiration of this order or the issuance of a further order by the Court, whichever occurs earlier, Defendants, their officers, agents, servants, employees, and attorneys, and those acting in concert with them, are enjoined from continuing to operate, support, run, or otherwise enable playgenius.com and the desmondtoyus github account (https://github.com/desmondtoyus). **THE PLAYGENIUS.COM WEBSITE AND DESMONDTOYUS GITHUB ACCOUNT ARE HEREBY ORDERED TO BE TAKEN DOWN PENDING HEARING**. **DEFENDANTS ARE FURTHER ENJOINED FROM SELLING ANY PLAYGENIUS.COM INVENTORY, OR OTHERWISE CONTINUING TO COMPETE WITH LOVEVERY UNTIL FURTHER ORDER FROM THIS COURT.** Defendants, their officers, agents, servants, employees, and attorneys are required to take down playgenius.com until the expiration of this order or the issuance of a further order by the Court.

**Seizure of Lovevery Property; Entry of Premises**

**On May 12, 2023, at 9:00 a.m. PST (or as soon thereafter as reasonably practicable), officers of the U.S. Marshals Service Central District of California Office** are to serve this Temporary Restraining Order and the Complaint and summons for the above-referenced action on Desmond T. Ademiluyi at 3304 Avenida Del Presidente Apt 2, San Clemente, CA 92672-4535

(the "San Clemente Premises") or wherever he may be found. Effective immediately upon service of this Order upon Mr. Ademiluyi or other resident of the San Clemente Premises, the officers of the U.S. Marshals Service and one representative of the attorneys representing Lovevery shall be permitted to ***non-forcefully enter*** the San Clemente Premises (and/or such other premises in Orange County, California, which contain the laptop described below, and that Mr. Ademiluyi has the ability to make available, which Mr. Ademiluyi is ordered to do in a reasonable time on the day of entrance) for the sole purpose of seizing Mr. Ademiluyi's Lovevery-issued laptop. The laptop is an Apple Macbook Pro 16", and likely has the Serial Number H4P2RD632J. Mr. Ademiluyi, individually and in his capacity as an agent and representative of playgenius.com, is ordered to immediately produce the laptop to Plaintiff's agents (such as Plaintiff's counsel, Mr. David Hoffman). Mr. Ademiluyi is ordered to provide username, password, and other necessary login information required to access his Lovevery laptop, and Plaintiff's agents shall be permitted to check the validity of such information in the presence of Mr. Ademiluyi and the U.S. Marshals.

Lovevery shall be responsible for and shall cause to be promptly paid to the U.S. Marshal's Office full reimbursement for the time of its officers in California at the established rates and any mileage or other related charges at established rates. In the event that any property of the Mr. Ademiluyi is alleged to have been

damaged in the course of the seizure, Mr. Ademiluyi shall hold harmless the U.S. Marshal's Office, and submit evidence of such damages and the value of same to the Court for consideration as a potential charge against Lovevery.

**Expedited Discovery**

The Court finds good cause to allow the plaintiff to engage in limited, expedited discovery in advance of the May 25, 2023 hearing. More specifically, the Court will allow plaintiff to serve narrowly tailored document requests – seeking documents specific to the issues raised by the request for injunctive relief – upon defendants. The Court will also permit plaintiffs to take one deposition, which deposition shall not exceed four hours.

In seeking injunctive relief, Lovevery submitted a proposed order laying out a detailed expedited discovery plan, including specific document requests. The Court will not, at this time, sanction these requests. Instead, the parties are ordered to meet and confer regarding the proper scope of expedited discovery requests within 48 hours of the service of this order. If the parties are unable to agree upon an expedited document production, the Court will resolve the matter on an expedited basis, which may include referring the dispute to a magistrate judge.

An informal telephonic status conference will be held on **Thursday May 18, 2023 at 11:00 am mountain time**. Plaintiffs are directed to initiate the call, with all parties on the line, at 208-334-9027. All parties are expected to appear via

counsel. At the status conference, the parties' counsel are to inform the Court of the status of the expedited discovery.

The Court will set a preliminary injunction hearing for **Thursday May 25, 2023 at 3:00 pm mountain time**. The hearing will be held by Zoom. The Court will continue the hearing to a later date on motion of the parties.

It is further ordered that Defendants must file with the Court and deliver to Plaintiff's counsel any pleadings, materials, affidavits, briefs, legal memoranda, expert reports, declarations, or other materials no later than two days prior to the preliminary injunction hearing. Plaintiffs may file responsive supplemental pleadings, materials, declarations, or legal memoranda and serve same on counsel for Defendants no later than one day prior to the preliminary injunction hearing.

Upon signature of this Temporary Restraining Order, Lovevery must post a $10,000 bond under Rule 65(c) of the Federal Rules of Civil Procedure.

This order expires May 24, 2023 at 12:00 pm. Plaintiffs may seek to extend the time the order is in effect. *See* Fed. R. Civ. P. 65(b)(2).

UNITED STATES COURTS DISTRICT OF IDAHO

DATED: May 10, 2023, 12:00 pm

B. Lynn Winmill
U.S. District Court Judge